For former opinion, see 24 Ariz. 499, 211 Pac. 570.

PHOENIX TITLE AND TRUST COMPANY, a Corporation, Appellant, v. ALAMOS LAND AND IRRIGATION COMPANY, a Corporation, Appellee.

CORPORATIONS — OFFICER HOLDING BONDS AND COUPONS GIVEN FOR LANDS PURCHASED FROM HIM HELD ENTITLED TO INTEREST NOTWITHSTANDING HIS CONDUCT AS OFFICER ADVERSE TO CORPORATION. Where a corporation purchased lands from its president and secretary under contract to pay for them in bonds which it was agreed

were to be later exchanged for an equal amount in a subsequent larger issue, and such president as agent of the corporation remained in possession of the land to manage it, his failure thereafter to surrender possession because of corporation's indebtedness to him for services and his acts in preventing the agreed issue of bonds and exchange of bonds received as the purchase price *held* not to affect his right to the payment of interest as owner of the bonds and coupons upon being required to complete the transaction.

Motion denied but original order modified.

Mr. J. E. Russell, Mr. Leo T. Stack, Mr. Daniel E. Parks and Messrs. Larsen & Clayton, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

McALISTER, C. J.—A petition for a rehearing in this cause has been filed, but a reargument, we feel, would serve no useful purpose. A careful examination of the record, however, convinces us that the finding that Sawyer refused to surrender possession of the land on March 28, 1920, is not supported by the testimony. At no time after the land was sold to appellee was Sawyer in possession of it, except as the agent of the purchaser, who employed him to look after and manage it, and his objection to leaving it, according to his testimony, was due to the fact that appellee at that time was indebted to him many hundreds of dollars for these services. This was long after the land had been sold to appellee and deeds conveying title delivered. His refusal to surrender possession or leave the premises would not excuse appellee's failure to pay the consideration for the property. And the fact that the exchange of the $40,000 in bonds, all of the old issue, for $40,000 of the new issue of $250,000, had not then been made, even though such omission was due to the fact that Sawyer and Parks, as president and secretary of the company, had failed

to execute the new bonds, could not affect Sawyer's right as an owner of some of the bonds to his interest, for his ownership of any of these bonds, either the old or the new, would entitle him to the payment of his attached interest coupons.

Hence the judgment heretofore entered is modified by directing that the interest coupons of the bonds of the old issue in the sum of $40,000 be paid to the date these bonds are exchanged for the new, rather than up to March 28, 1920, as heretofore ordered, and that all interest coupons on the new bonds due by that date be detached before the exchange.

It is further ordered that appellee pay the interest due and exchange the bonds within ninety days from this date, and if at the end of this period said interest has not been paid or the bonds exchanged it is further ordered that, upon the filing in this court of the affidavit of Sawyer or the proper official of appellant company stating this fact, this case be remanded to the superior court of Yavapai county, and that said court enter an order foreclosing the bonds sued on herein.

ROSS and LYMAN, JJ., concur.